# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2203013243 |
| | ) | |
| | ) | |
| | ) | |
| KERON FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 6, 2024
Decided: February 26, 2024

*On Defendant's Motion to Dismiss/Speedy Trial;*

**Denied**.

## MEMORANDUM OPINION AND ORDER

William H. Leonard, Esq. and Thomas J. Williams, Esq. of the Department of Justice, *Attorneys for Plaintiff.*

Michael C. Heyden, Esq.*, Attorney for Defendant.*

**WINSTON, J.**

## I.     INTRODUCTION

Defendant, Keron Flowers, moves to dismiss all charges against him for violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 1, Section 7 of the Delaware Constitution. The State argues that the delay is equally attributable to both the State and Mr. Flowers. For the following reasons, Mr. Flowers' Motion to Dismiss/Speedy Trial is **DENIED**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Mr. Flowers was arrested on March 24, 2022, then indicted on August 15, 2022, on charges of Burglary First Degree, Attempted Robbery First Degree, Conspiracy Second Degree, Possession of a Firearm During the Commission of a Felony, Wearing a Disguise During the Commission of a Felony, Kidnapping First Degree, Strangulation, and Assault Third Degree.[1]

The Scheduling Order in this case was issued on October 25, 2022, which established the following deadlines: First Case Review: November 21, 2022; Final Case Review: March 6, 2023, and Trial: March 20, 2023.[2] On March 9, 2023, the State filed a joint continuance request due to Mr. Flowers' counsel's conflict with the March 20, 2023 trial date.[3] The parties requested trial be continued to May 22,

---

[1] *See* Superior Court Criminal Docket, case 2203013243 Docket Item ("D.I.__") 13.
[2] D.I. 18.
[3] D.I. 34.

2023.[4] The Court approved the request, and trial was rescheduled for May 22, 2023.[5]

On May 10, 2023, the State proposed Detective Skrobot, the officer who conducted the search warrant, testify out of turn for medical reasons.[6] Subsequently, on May 22, 2023, the State filed a continuance request due to the unavailability of the State's witness, Detective Skrobot. Prior to requesting the continuance, the State suggested to Mr. Flowers' counsel that Detective Skrobot's testimony be admitted through the Chief Investigation Officer.[7] Mr. Flowers did not agree to the State's proposal but did not oppose the State's continuance request. Trial was then rescheduled for September 11, 2023, despite the State informing the Court that Detective Skrobot would not be available on the proposed trial date.[8] Although Detective Skrobot was unavailable to testify in-person, the State proposed that Detective Skrobot testify remotely.[9] Mr. Flowers did not agree.[10] The State, then filed another trial continuance request and requested a specially assigned judge for scheduling purposes.[11] Mr. Flowers did not oppose the State's requests.[12]

---

[4] *Id.*
[5] D.I. 37.
[6] State's Response at Ex. A. Detective Skrobot's wife was expecting a baby the week of trial. *Id.*
[7] *Id.*
[8] D.I. 44 and State's Response at Ex. C.
[9] *See* State's Response at 3.
[10] *Id.*
[11] D.I. 45.
[12] *See* State's Response at 3.

On August 31, 2023, this judge was assigned and on October 19, 2023, an in-person scheduling conference was held.[13]  Based on the availability of all parties, trial was set for March 4, 2024.[14]  During the scheduling conference, counsel for co-defendant, Isaiah Boykin, stated that Mr. Boykin would be filing a motion for speedy trial.[15]  At the end of the scheduling conference Mr. Flowers' counsel stated he might join Mr. Boykin's motion.[16]

## III.  **STANDARD OF REVIEW**

The Sixth Amendment to the Constitution of the United States provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial…."[17]  The Constitution of the State of Delaware provides a nearly identical right.[18]  A defendant's speedy trial rights attach upon the date of his arrest or indictment, whichever occurs first.[19]  To determine whether a defendant has been deprived of his right to a speedy trial, four factors must be considered: (i) the length of delay; (ii) the reason for delay; (iii) the defendant's assertion of their right; and

---

[13] D.I. 47 and 48.
[14] *Id.*
[15] D.I. 48.
[16] *Id.*
[17] U.S. CONST. amend. VI.
[18] DEL. CONST. art. I, § 7 ("In all criminal prosecutions, the accused hath a right ... to have ... a speedy and public trial....").
[19] *Brodie v. State*, 2009 WL 188855, at *3 (Del. Jan. 26, 2009) (quoting *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002)).

(iv) the prejudice to the defendant (the "*Barker* factors").[20]  No individual factor is conclusive.[21]  Instead, the four factors are related "and must be considered together with such other circumstances as may be relevant."[22]  Thus, in weighing the factors, courts must engage in a "difficult and sensitive balancing process,"[23] weighing "the conduct of both the prosecution and the defendant."[24]  The Court will examine each factor in turn.

## IV.    ANALYSIS

### A.    Length of Delay

Mr. Flowers contends that the almost two-year delay between his arrest and scheduled trial violates his constitutional right to a speedy trial.[25]  Until the length of delay is determined to be "presumptively prejudicial," it is unnecessary to consider the additional *Barker* factors.[26]  The Delaware Supreme Court has previously held that "if the delay between arrest or indictment and trial approaches [or surpasses] one year, then the Court will generally consider the additional

---

[20] *Barker v. Wingo*, 407 U.S. 514, 530 (1972).
[21] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 533).
[22] *Id*.
[23] *Barker*, 407 U.S. at 533.
[24] *Middlebrook v. State*, 802 A.2d 268, 273 (Del. 2002) (citing *Barker*, 407 U.S. at 530).
[25] D.I. 50.
[26] *Rivera v. State*, 292 A.3d 111 WL 1978878 (Del. 2023) (citing *Barker*, 407 U.S. at 530).

factors.[27]  Mr. Flowers was arrested on March 24, 2022, and due to the scheduling conflicts with his counsel and the State's witness, trial has been continued to March 4, 2024.  The State concedes that the length of delay is presumptively prejudicial. Due to the almost two-year delay in this matter, this factor weighs in favor of Mr. Flowers and the Court will consider the remaining *Barker* factors.

### B.    Reason for the Delay

The Delaware Supreme Court has stated that "different weights are assigned to different reasons for the delay."[28]  "A deliberate attempt to delay [] trial in order to hamper the defense should be weighted heavily against the government."[29]  More neutral reasons, however, should be weighted less heavily, but still considered since the ultimate responsibly for such circumstances must rest with the government.[30]  A valid reason, such as the disappearance or illness of an important witness, or an event over which the prosecution has no control supports an appropriate rescheduling of the proceedings.[31]

Here, the first delay was the result of a joint continuance request due to a scheduling conflict with Mr. Flowers' counsel.  Accordingly, both sides were

---

[27] *Cooper v. State*, 2011 WL 6039613, at *7 (Del. 2011).
[28] *Middlebrook v. State*, 802 A.2d 268, 274 (Del. 2022); *See also*, *Barker v. Wingo*, 407 U.S. 514, 531 (1972).
[29] *Barker*, 407 U.S. at 531 (citations omitted).
[30] *Id*.
[31] *Key v. State*, 463 A.2d 633, 636 (Del. 1983).

responsible for the first delay. Two months lapsed between the first scheduled trial date and the second scheduled trial date. Three months lapsed between the second scheduled trial date and the third scheduled trial date. The second and third delays were the result of an unavailable State witness. Mr. Flowers did not oppose either delay. Before the second trial continuance request, however, the State attempted to cure its witness unavailability issue by proposing the Chief Investigating Officer testify in place of the unavailable witness. Mr. Flowers objected. And, before the third trial continuance request, the State again attempted to cure its witness unavailability issue by having the witness testify remotely. Mr. Flowers opposed. The true impetus for the third delay is more attributable to Mr. Flowers rather than the State. The State was prepared to go forward with trial on September 11, 2023, but Mr. Flowers opposed, which required the trial to be moved. Mr. Flowers cannot prolong the matter then claim infringement on his right to a speedy trial.

After the instant case was specially assigned, the parties agreed on the current trial date. The five-month delay between the third trial date and the current trial date is attributable to the Court and parties' availability for trial. As there was no attempt by the State to hamper Mr. Flowers' defense, this factor will not be heavily weighted. Nonetheless, this factor weighs in favor of Mr. Flowers.

### C.    Assertion of the Right to a Speedy Trial

The Delaware Supreme Court has explained that "the defendant's assertion of

his speedy trial right … is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right."[32] "If and when a defendant asserts his rights are factors of considerable significance in determining whether there has been a speedy trial violation."[33]

Mr. Flowers did not assert his right to a speedy trial, either directly or inferentially, until the scheduling conference with the Court on October 19, 2023.[34] At the scheduling conference, Mr. Flowers' counsel advised the Court that Mr. Flowers might assert his speedy trial rights by joining his co-defendant's motion to dismiss.

Mr. Flowers' initial assertion came more than nineteen months from the date of his arrest. During those nineteen months, Mr. Flowers could have asserted his right at any time during the pendency of the case. This does not mean that Mr. Flowers has forfeited his right to a speedy trial. Instead, his failure to assert that right at an earlier time and acquiesce to the continuance requests weigh against him. Therefore, this factor weighs in favor of the State.

### D. Prejudice Resulting to the Defendant from the Delay

The fourth factor is prejudice to the defendant. "This factor should be

---

[32] *Id.*

[33] *Middlebrook v. State*, 802 A.2d at 275 (citing *Bailey v. State*, 521 A.2d 1075 (Del. 1987).

[34] D.I. 48.

assessed in the light of the interests of defendants which the speedy trial right was designed to protect."[35]  Those interests as: (i) preventing oppressive pretrial incarceration; (ii) minimizing anxiety and concern of the accused; and (iii) limiting the possibility that the defense will be impaired.[36]  The most serious of these interests being the last, "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system."[37]

Mr. Flowers contends that due to his pretrial incarceration, he has lost his business, experienced strained personal and familial relationships, and is living under a cloud of anxiety and distress, all of which seriously affect his mental health and well-being.  Mr. Flowers has been incarcerated for almost two years.  Except for the last few months, this time can be attributed to continuance requests sought by the State, one of which Mr. Flowers joined and the other two he did not oppose.  Mr. Flowers' own silence suggests that he did not suffer oppressive pretrial incarceration, or any undue anxiety related to the delay.  Additionally, the Delaware Supreme Court has recognized that all defendants face some degree of anxiety while awaiting trial, whether incarcerated or not.[38]  This does not constitute prejudice unless, the defendant shows excessive concern or anxiety.[39]  Mr. Flowers has

---

[35] *Barker,* 407 U.S. at 532.
[36] *Id*.
[37] *Id*.
[38] *Fensterer v. State*, 493 A.2d at 966-67; *Stovall*, 1998 WL 138931, at *4.
[39] *Id.; Rodriguez*, 2021 WL 1221461, at *6; *see also Cooper*, 2011 WL 6039613

presented no evidence that he has suffered an unusual amount of anxiety because of the delay. Therefore, this last factor weighs in favor of the State.

## V.  CONCLUSION

After carefully analyzing and balancing the *Barker* factors, the Court finds Mr. Flowers' right to a speedy trial has not been violated. The third and fourth factors outweigh the first two factors. Importantly, the State has not attempted to hamper Mr. Flowers' defense, and Mr. Flowers did not oppose the three continuance requests. Mr. Flowers' Motion to Dismiss/Speedy Trial is therefore **DENIED**.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Judge Patricia A. Winston**

---

("The second interest does not weigh in Cooper's favor, as Cooper has not alleged excessive concern or anxiety").